**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROLLING HILLS CAMPING RESORT, INC., | ) | CASE NO. 09-33867 |
| | ) | |
| Debtor | ) | CHAPTER 11 |

**MEMORANDUM**

This case comes before the Court on the Motion to Disburse Cabin Funds and Payment of Administrative Expenses filed by the Debtor, Rolling Hills Camping Resort, Inc. (the "Debtor"). In the motion, the Debtor requests authority to disburse the proceeds from the sale of cabins to pay certain administrative expenses. Maynard Fernandez ("Fernandez"), a creditor in this bankruptcy case, objected to the motion, asserting that he possessed a security interest in the cabin proceeds. The Court conducted an evidentiary hearing on April 19, 2011. The Principals of the Debtor and Fernandez appeared with counsel at the evidentiary hearing. The Court considered the testimony and exhibits presented at trial and enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

**FINDINGS OF FACT**

1. On July 31, 2009, the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Kentucky.

2. Over several days in early September, 2010, the Debtor filed several motions to sell cabins free and clear of all liens, claims and encumbrances, pursuant to Sections 363(b) and (f) of the Bankruptcy Code.

3. Fernandez objected to the motions arguing that the cabins constituted part of the collateral for his secured claim and that the sales would impair the value of his collateral.

4. After a hearing on the motions to sell, on October 20, 2010, the Court granted the Debtor's motions to sell, but ordered that the proceeds (the "Cabin Funds") be held pending further order of the Court.

5. The Debtor sold the cabins as proposed in the motions and the total amount realized by the Debtor from such sales was $19,830.00.

6. On January 18, 2011, the Debtor filed the motion currently before the Court. In the motion, the Debtor states that the Principals of the Debtor, James M. Gulick, and Maria Luisa Castillo de Gulick extended post-petition credit to the Debtor in the total amount of $37,136.00. The Debtor further stated that this credit represented actual, necessary costs and expenses of preserving the estate and, therefore, constituted an administrative expense. The Debtor requested to pay its Principals from the Cabin Funds. The Debtor also requested authority to use the Cabin Funds to pay other administrative expenses, such as attorney's fees and United States Trustee Fees.

7. As stated above, Fernandez objected to the motion. Fernandez claimed that the cabins constituted fixtures and were part of the collateral securing his claim. Consequently, the Cabin Funds could not be used by the Debtor to pay administrative expenses.

8. At the hearing on the Debtor's motion to disburse, it was clear that there was a difference of opinion as to the nature of the cabins and that an evidentiary hearing would be needed to determine whether the cabins should be classified as fixtures or as separate property.

9. At the evidentiary hearing, Terry Griffen, a repair and maintenance man at the campground, and one of the Debtor's Principals, James Gulick, both testified that while some of the cabins

          sat on concrete slabs, no straps or other affixing mechanisms attached the cabins to the property. They both also testified that all of the cabins possessed utility connections to the ground (water, electric, sewer).

10. On cross examination, Mr. Gulick admitted that the Debtor never paid personal property taxes on the cabins separately, and that the Debtor treated the cabins as part of the real estate for tax purposes. He further admitted that the Debtor did not have individual titles on the cabins, and that the Debtor did not individually insure the cabins, but rather insured the cabins with the whole campground.

11. Fernandez testified that he owned the cabins prior to their sale to the Debtor, and that he, or another previous owner, added the cabins to the property at the direction of the State Attorney General, and that the Debtor and the Attorney General intended the cabins to be permanent additions to the property. Fernandez admitted into evidence a 1993 Notice of Lien filed by the Attorney General, which supported this assertion. (Fernandez Exh. 1). The Notice of Lien states that "the Resort [the Debtor] has placed various improvements on the site, including cabins permanently affixed for the benefit of the owners . . .." Fernandez also testified that the cabins sat on concrete pads, attached with a hurricane strap. Fernandez believed that someone may have deliberately cut the hurricane straps from the cabins after their installation on the property. Fernandez also admitted into evidence the Mortgage and Security Agreement entered into between the Debtor and Village Campground, Inc., which listed eleven cabins as included in the collateral for the Mortgage and Security Agreement. (Fernandez Exh. 2).

12. The Court further notes that the Debtor's sworn schedules did not list the cabins as separate personal property, but instead listed the cabins as part of the real estate.

**CONCLUSIONS OF LAW**

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §1408 and 1409.

The parties agree that the primary issue to be determined by the Court is whether the cabins in question constitute fixtures. If so, the Cabin Funds constitute part of Fernandez' collateral and not subject for use to pay the Debtor's administrative expenses. If not fixtures, the Cabin Funds are unencumbered and available to pay administrative expenses. Both parties cite, and the Court agrees, that the leading case on this issue is *C-Plant Federal Credit Union v. Heflin (In re Heflin)*, 326 B.R. 696, 701 (Bankr. W.D. Ky. 2005) (Fulton, J.) (*citing Tarter v. Turpin*, 291 S.W.2d 547, 548 (Ky. 1956), a case decided by another bankruptcy judge in this district. In that case, Judge Fulton held that whether "something is a fixture is determined by looking at whether the item was (1) annexed, either actually or constructively, to the property; (2) adapted to the use/purpose of the property to which it is connected so as to materially affect its use; and (3) intentionally made a permanent part of the property to which it was annexed." Moreover, even though an object can be moved does not mean it is not a fixture. *Heflin at* 702.

Under the *Heflin* guidelines, the Court finds that the cabins in question constitute fixtures. When the Debtor acquired the property many of the cabins sat on the concrete slabs designed for that purpose. Both hurricane straps and utility connections attached the cabins to the property. While the evidence indicates that some or maybe all of the hurricane straps may have been removed at a later date, post-installation tampering would not change the fixture analysis. Moreover, just because the buyers of the cabins could disconnect the utility lines and remove the cabins, does not mean that the cabins were not fixtures attached to the property. As stated above, even though an

object can be moved does not mean it is not a fixture. *Heflin at* 702. The Court finds the first prong of the test easily satisfied.

Next, the Court must determine whether the cabins were adapted to the use/purpose of the property to which it is connected so as to materially affect its use. The Debtor operated a campground for which the cabins constituted an integral component of that operation. The Debtor took great pains to point out that the auctioneer of the real property, Edward Durnil, previously filed an affidavit with the Court stating, "The sale of these cabins will in no way impact the sale price received at auction for the real property." Fernandez testified that the auctioneer later disagreed with his assessment. Even without Fernandez' testimony as to the auctioneer's change of opinion, the Court finds it very difficult to believe that the removal of these cabins would not impact the value of the real property. Without the cabins, the property in question is essentially a vacant lot with utility poles jutting out of the ground. With cabins, the property becomes a furnished campground, subject to immediate rental agreements. The cabins clearly added value to the property and the auctioneer's affidavit to the contrary is simply not credible. The Court finds the second prong of the test also met.

Finally, it is clear to the Court that both parties either intended the cabins to be a permanent part of the campground or treated the cabins as a permanent part of the campground. With respect to Fernandez, the 1993 Notice of Lien evidenced the intent to permanently affix the cabins to the property. That Notice plainly states that the campground placed various improvements on the property, including "cabins permanently affixed" to the property. Fernandez also testified that when he sold the property to the Debtor, hurricane straps attached the cabins to the property. He stated that without the straps, the cabins could be subject to increased weather damage. Moreover, either Fernandez, or another owner, placed the cabins in a pattern on the property, and arranged, at some

5

expense, for utility service connections to run to each cabin site.  It does not seem reasonable that such efforts would have been made, if the owners did not intended to permanently affix the cabins to the property.  As for the Debtor, the Court reiterates that the Debtor treated the cabins as permanent fixtures prior to the filing of the motions to sell.  The Debtor did not pay separate personal property taxes on the individual cabins; did not separately insure the individual cabins; did not have separate titles on the cabins; and did not list the cabins as separate property in its sworn schedules filed in this bankruptcy case.  It appears to the Court that when it suited the Debtor, it treated the cabins as fixtures on the property, but now that the cabins have been sold, the Debtor seeks to treat the cabins as separate, unencumbered property.  The Debtor cannot have it both ways.  The Court finds the owners intended the cabins to be permanently affixed to the ground and part of the campground operation.  As such, the third prong of the test is met.

Having found that the cabins meet the three prong test to be characterized as fixtures, the Court concludes that the cabins constitute part of the Fernandez' collateral under the Mortgage and Security Agreement.  As such, any proceeds from the sale of this collateral cannot be used to pay the Debtor's administrative expenses and must be paid to Fernandez, the lienholder.  A separate order will be entered in accordance with this Memorandum.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROLLING HILLS CAMPING RESORT, INC., | ) | CASE NO. 09-33867 |
| | ) | |
| Debtor | ) | CHAPTER 11 |

### ORDER

In accordance with the Memorandum entered this same date, and the Court being otherwise sufficiently advised,

It is hereby **ORDERED** that the Motion to Disburse Cabin Funds and Payment of Administrative Expenses is **DENIED**.

It is further **ORDERED** that the Debtor turnover the Cabin Funds to Fernandez forthwith.